*FEE PD.*
*# 2129*
*SUM ISS*
*1543*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CITIZENS FOR PENNSYLVANIA'S FUTURE and CHARLOTTE H. O'ROURKE, ) ) ) | |
| Plaintiffs, ) ) | Civil Action No **05-0186** |
| v. ) ) | |
| ALLEGHENY ENERGY SUPPLY CO. LLC, ) ) | |
| Defendant ) ) | |

## COMPLAINT

### Introduction

1.      This is a citizen suit, brought under Section 304 of the Clean Air Act (CAA), as amended, 42 U.S.C. § 7604. Plaintiff Citizens for Pennsylvania's Future (PennFuture) seeks a declaratory judgment, injunctive relief, the imposition of civil penalties, and the award of costs, including attorneys and expert witness fees, for repeated violations by Allegheny Energy Supply Co. LLC (Defendant) of emission standards in the Pennsylvania State Implementation Plan (SIP) and in the permit issued to Defendant for its Hatfield's Ferry plant (the Plant) under the CAA and the Pennsylvania Air Pollution Control Act (APCA) as alleged in Count 1-8. Plaintiff Charlotte O'Rourke seeks relief for nuisance and trespass by Defendant as alleged in Counts 9 and 10.

2.      Defendant's violations at the Plant have resulted in and are resulting in persistent, unlawful emissions of pollutants that are known to cause serious health consequences, including respiratory and cardiovascular disease and premature death. During the period covered by Plaintiff's Notice of Intent (see Paragraph 4 below), Defendant violated standards designed to limit emissions of these pollutants, on average, six out of seven days each week. These violations have resulted in and are resulting in actual and threatened injury to members of PennFuture living near the Plant.

### Jurisdiction and Venue

3.      This Court has subject matter jurisdiction under Section 304(a) of the CAA, 42 U.S.C. § 7604(a), and 28 U.S.C. §§ 1331, 1367.

4.      On October 5, 2004, Plaintiff PennFuture gave notice of Defendant's violations of the CAA and APCA, and notice of PennFuture's intent to file a citizen suit, to the Defendant, the Administrator of the United States Environmental Protection Agency (EPA), the Regional Administrator of EPA Region 3, the Governor of Pennsylvania, and the Secretary of the Pennsylvania Department of Environmental Protection (DEP), in satisfaction of the requirements of Section 304(b)(1)(A) of the CAA, 42 U.S.C. § 7604(b)(1)(A); 40 C.F.R. Part 54; and 35 P.S. § 4013.6(d) (Notice of Intent).

5.      More than 60 days have passed since the notice described in the preceding paragraph and neither EPA nor DEP has commenced and is diligently prosecuting a civil or criminal action in a court to redress the violations.

6.      Venue is appropriate in the Western District of Pennsylvania under Section 304(c)(1) of the CAA, 42 U.S.C. § 7604(c)(1), and 28 U.S.C. § 1391(b), because the Plant is located in this district.

## Parties

7.    Plaintiff PennFuture is a nonprofit corporation organized and existing under the laws of Pennsylvania with offices in Harrisburg, Pittsburgh, and Philadelphia. PennFuture's purposes include protecting the environment and public health in Pennsylvania, including air quality, through litigation and advocacy.

8.    PennFuture members live, work, recreate, and conduct other activities in Greene County, Fayette County, and other parts of Pennsylvania affected by the violations alleged in this Complaint.

9.    PennFuture members have suffered, and will continue to suffer, actual and threatened injury to their health and welfare due to the violations of the CAA and the APCA described herein.  PennFuture members are exposed and threatened with exposure to particles and other pollution from the Plant.  As a result, PennFuture members suffer from and are at increased risk of a variety of adverse health effects that are attributable to particle pollution.

10.    Further, PennFuture members have suffered, and will continue to suffer, actual and threatened interference with their use and enjoyment of property and surrounding areas from the violations alleged in this Complaint, including but not limited to deposits on their property.

11.    The acts and omissions alleged herein expose PennFuture members to harmful pollution that threatens their health and welfare, interfere with their use and enjoyment of property and surrounding areas, injure their economic interests, deny them protections of their health and well-being guaranteed by the CAA and the APCA, and

negatively impact aesthetic and recreational values. The relief requested herein will redress these injuries.

12.     Plaintiff Charlotte H. O'Rourke owns property and resides in Masontown, Pennsylvania. As a result of the acts and omissions alleged herein, Ms. O'Rourke has suffered the harms alleged as to PennFuture members in the preceding paragraphs, including but not limited to threats to her health and welfare, interference with her use and enjoyment of property and surrounding areas, injury to her economic interests, denial of protections of her health and well-being guaranteed by the CAA and the APCA, and negative impacts on aesthetic and recreational values.

13.     Defendant Allegheny Energy Supply Co. LLC is the owner and operator of the Hatfield's Ferry power plant, located in Cumberland Township, Greene County, Pennsylvania. The Plant is a coal-fired electricity generating station with three main combustion units.

## Statutory and Regulatory Background

14.     A central purpose of the CAA is "to protect and enhance the quality of the Nation's air resources so as to promote the public health and welfare and the productive capacity of its population." 42 U.S.C. § 7401(b)(1).

15.     To achieve this and other purposes, the states bear primary responsibility under the CAA for regulating sources of air pollution and attaining ambient air quality standards. See, e.g., 42 U.S.C. §§ 7401 (state responsibility), 7410 (state implementation plans).

16.     The purposes of the APCA include the protection of public health, safety and well-being of Pennsylvania's citizens and the implementation of the CAA in Pennsylvania. 35 P.S. § 4002(a).

17.     Pennsylvania has adopted a state implementation plan (SIP) to fulfill its air quality obligations under the CAA. 40 C.F.R. § 52.2020.

18.     Under Pennsylvania law, a person may not permit the emission of visible air contaminants with an opacity either: (1) equal to or greater than 20% for a period or periods aggregating more than 3 minutes in any 1 hour; or (2) equal to or greater than 60% at any time. 25 Pa. Code § 123.41.

19.     Under Pennsylvania law, a person may not permit the emission of particulate matter from a combustion unit in excess of 0.1 pound per million Btu of heat input when heat input to a combustion unit is equal to or greater than 600 million Btus an hour. 25 Pa. Code § 123.11.

20.     The standards cited in Paragraphs 18 and 19 have been approved by the EPA and incorporated into the Pennsylvania SIP. 40 C.F.R. § 52.2020(c)(1).

21.     Additionally, Pennsylvania has adopted an operating permits program under Title V of the CAA for sources of air pollution and incorporated this program into the Pennsylvania SIP. 61 Fed.Reg. 39,597 (1996); 40 C.F.R. § 52.2020(c)(110); 40 C.F.R. Part 70, App. A ("Pennsylvania").

22.     The Plant is subject to a Title V/operating permit issued by Pennsylvania DEP on November 29, 2001 under the APCA and DEP's Title V/operating permits program. This permit limits visible emissions in a manner parallel to the terms of 25 Pa.

Code § 123.41, and limits emissions of particulate matter from Boilers 1, 2, and 3 in a manner parallel to the terms of 25 Pa. Code § 123.11.

23.     The CAA provides for citizen suits for the violation of an "emission standard or limitation" under 42 U.S.C. § 7604(f)(4).  See 42 U.S.C. § 7604(a).

24.     As standards or limitations under the Pennsylvania SIP, the visible emission standard cited in Paragraph 18 above and the particulate matter emission standard cited in Paragraph 19 above constitute "emission standards or limitations" under 42 U.S.C. § 7604(f)(4) that are subject to citizen suit under 42 U.S.C. § 7604(a).

25.     The APCA also provides for citizen enforcement of the visible emission and particulate matter emission standards.  35 P.S. § 4013.6(c).

26.     As standards or limitations established under a permit in effect pursuant to CAA Title V and/or the Pennsylvania SIP, the visible emission limitation and the particulate matter emission limitation contained in the Title V/operating permit constitute "emission standards or limitations" under 42 U.S.C. § 7604(f)(4) that are subject to citizen suit under 42 U.S.C. § 7604(a).

27.     The APCA also provides for citizen enforcement of permits issued under the APCA.  35 P.S. § 4013.6(c).

### Claims for Relief

### Count 1:  Visible Emission Violations of State Implementation Plan (CAA)

28.     The allegations of all preceding paragraphs are incorporated herein by reference.

29.     Since at least January of 1999, emissions from Boilers 1, 2, and 3 at the Plant have repeatedly violated and are in violation of the visible emission standards in 25 Pa. Code § 123.41 (see Paragraph 18 above).

30.     For the reasons set forth in Paragraph 24 above, these violations of 25 Pa. Code § 123.41 constitute violations of the Pennsylvania SIP and of "emission standards and limitations" under the CAA, 42 U.S.C. § 7604(f).

### Count 2: Visible Emission Violations of Pennsylvania Standards (APCA)

31.     The allegations of all preceding paragraphs are incorporated herein by reference.

32.     Since at least January of 1999, emissions from Boilers 1, 2, and 3 at the Plant have repeatedly violated and are in violation of the visible emission standards in 25 Pa. Code § 123.41 (see Paragraph 18 above).

33.     These violations of 25 Pa. Code § 123.41 constitute violations of the APCA under 35 P.S. § 4008.

### Count 3: Visible Emission Violations of Title V Permit (CAA)

34.     The allegations of all preceding paragraphs are incorporated herein by reference.

35.     Since at least January of 1999, emissions from Boilers 1, 2, and 3 at the Plant have repeatedly violated the visible emission standards in the Title V/operating permit for the Plant.

36.     For the reasons set forth in Paragraph 26 above, these violations of visible emission standards in the Title V/operating permit constitute violations of "emission standards and limitations" under the CAA, 42 U.S.C. § 7604(f).

## Count 4:  Visible Emission Violations of Title V Permit (APCA)

37.     The allegations of all preceding paragraphs are incorporated herein by reference.

38.     Since at least January of 1999, emissions from Boilers 1, 2, and 3 at the Plant have repeatedly violated the visible emission standards in the Title V/operating permit for the Plant.

39.     These violations of the Title V/operating permit constitute violations of the APCA under 35 P.S. § 4008.

## Count 5:  Particulate Matter Violations of State Implementation Plan (CAA)

40.     The allegations of all preceding paragraphs are incorporated herein by reference.

41.     In accordance with the Title V/operating permit for the Plant, compliance with the particulate emission rate identified under the requirements of 25 Pa. Code § 123.11 shall be determined by a certified stack test conducted at least once during the term of the permit.

42.     Based on a stack test conducted on November 6 and 7, 2002, emissions from Stack 1 at the Plant have been and continue to be in violation of the particulate matter emission standard of 25 Pa. Code § 123.11.

43.     For the reasons set forth in Paragraph 24 above, violations of the particulate matter emission standard of 25 Pa. Code § 123.11 constitute a violation of the Pennsylvania SIP and violations of "emission standards and limitations" under the CAA, 42 U.S.C. § 7604(f).

## Count 6:  Particulate Matter Violations of Pennsylvania Standards (APCA)

44.   The allegations of all preceding paragraphs are incorporated herein by reference.

45.   In accordance with the Title V/operating permit for the Plant, compliance with the particulate emission rate identified under the requirements of 25 Pa. Code § 123.11 shall be determined by a certified stack test conducted at least once during the term of the permit.

46.   Based on a stack test conducted on November 6 and 7, 2002, emissions from Stack 1 at the Plant have been and continue to be in violation of the particulate matter emission standard of 25 Pa. Code § 123.11.

47.   These violations of 25 Pa. Code § 123.11 constitute violations of the APCA under 35 P.S. § 4008.

### Count 7:  Particulate Matter Violations of Title V Permit (CAA)

48.   The allegations of all preceding paragraphs are incorporated herein by reference.

49.   In accordance with the Title V/operating permit for the Plant, compliance with the particulate emission rate identified under the requirements of 25 Pa. Code § 123.11 shall be determined by a certified stack test conducted at least once during the term of the permit.

50.   Based on a stack test conducted on November 6 and 7, 2002, emissions from Stack 1 at the Plant have been and continue to be in violation of the particulate matter emission standard contained in the Title V/operating permit.

51.     For the reasons set forth in Paragraph 26 above, violations of the particulate matter standard contained in the Title V/operating permit constitute violations of "emission standards and limitations" under the CAA, 42 U.S.C. § 7604(f).

### Count 8:  Particulate Matter Violations of Title V Permit (APCA)

52.     The allegations of all preceding paragraphs are incorporated herein by reference.

53.     In accordance with the Title V/operating permit for the Plant, compliance with the particulate emission rate identified under the requirements of 25 Pa. Code § 123.11 shall be determined by a certified stack test conducted at least once during the term of the permit.

54.     Based on a stack test conducted on November 6 and 7, 2002, emissions from Stack 1 at the Plant have been and continue to be in violation of the particulate matter emission standard contained in the Title V/operating permit.

55.     These violations of the Title V/operating permit constitute violations of the APCA under 35 P.S. § 4008.

### Count 9:  Nuisance (Plaintiff O'Rourke)

56.     The allegations of all preceding paragraphs are incorporated herein by reference.

57.     Plaintiff Charlotte O'Rourke lawfully possesses property near the Plant. Specifically, Ms. O'Rourke owns and resides in her home and surrounding land in Masontown, Pennsylvania.

58.     Air pollution from Defendant's Plant, including but not limited to soot and other particles, has substantially interfered with Plaintiff O'Rourke's ability to use and

enjoy her home and surrounding land. Among other things, Ms. O'Rourke sees air pollution from the Plant from her home; must clean sooty deposits from the Plant from her property and outdoor furniture; keeps her windows closed at all times to keep out air pollution from the Plant; has purchased central air filtration for her home because of concerns about pollution from the Plant; keeps her car in the garage so it does not become covered with deposits from the Plant; has stopped working outside in her yard because of air pollution from the Plant; restricts the outside play of her grandchildren at her house because of concerns about air pollution from the Plant; and will suffer reduced resale value of her home and property due to air pollution from the Plant.

59.    Defendant's invasion of the use and enjoyment of Plaintiff O'Rourke's home and surrounding land is intentional and/or unreasonable, as Defendant has failed and is failing to use available methods to reduce or eliminate its emissions of soot and other particles.

60.    Defendant's invasion of the use and enjoyment of Plaintiff O'Rourke's home and surrounding land is negligent and/or reckless and/or caused by ultrahazardous conduct.

61.    Defendant's unreasonable and continuing conduct constitutes an unreasonable interference with Plaintiff O'Rourke's home and surrounding land and has caused her continuing injuries and damages. Specifically, air pollution from the Plant contaminates Plaintiff O'Rourke's property, creates a health hazard to Plaintiff O'Rourke and others on her property, and diminishes the utility, value, and function of the property for many purposes and intended uses.

**Count 10:  Trespass (Plaintiff O'Rourke)**

62.    The allegations of all preceding paragraphs are incorporated herein by reference.

63.    Without the consent of Plaintiff O'Rourke, Defendants have intentionally released air pollution, including but not limited to soot and other particles, that has entered Plaintiff O'Rourke's home and surrounding lands in Masontown, Pennsylvania. This ongoing invasion of Plaintiff O'Rourke's home and surrounding lands as a direct result of Defendant's acts and omissions constitutes a trespass, has caused injuries and damages as alleged in Paragraph 61 above, and is continuing.

### Relief Requested

WHEREFORE, Plaintiff respectfully requests that this Court:

(1)    Declare that Defendant has violated and continues to be in violation of visible emission standards, particulate matter emission standards, the CAA, and the APCA;

(2)    Enjoin Defendant from further violations of these standards, the CAA, and the APCA;

(3)    Order Defendant to take all necessary steps to comply with emission standards, including but not limited to installing adequate pollution controls at the Plant;

(4)    Order Defendant to pay civil penalties for its violations;

(5)    Order Defendant to cease all conduct constituting a nuisance and/or trespass to Plaintiff O'Rourke and her property, remediate past harms to Plaintiff O'Rourke's property, and pay damages for nuisance and trespass;

(6)    Award Plaintiff its costs and reasonable attorney and expert witness fees;

(7)    Retain jurisdiction over this action to ensure compliance with the Court's

decree; and

(8)    Grant such other relief as the Court deems just and proper.

Respectfully submitted,

FOR PLAINTIFF PENNFUTURE
AND PLAINTIFF O'ROURKE

___2/16/05___
Date

_George Jugovic_
Charles McPhedran, Senior Attorney
Pennsylvania Bar Id. No. 60123
PennFuture
1518 Walnut Street, Suite 1100
Philadelphia, PA  19102
(215) 545-9693
mcphedran@pennfuture.org

George Jugovic, Jr., Senior Attorney
Pennsylvania Bar Id. No. 39586
Citizens for Pennsylvania's Future
425 Sixth Avenue, Suite 2770
Pittsburgh, PA  15219
(412) 258-6684
jugovic@pennfuture.org

Of Counsel:

Ilan Levin, Counsel
D.C. Bar Id. No. 491324
Environmental Integrity Project
919 18th Street NW, Suite 975
Washington, DC  20006
(202) 263-4442
ilevin@environmentalintegrity.org

Penny Conly Ellison
Pennsylvania Bar Id. No. 57007
Dilworth Paxson LLP
1735 Market Street, Suite 3200
Philadelphia, PA  19103-7595
(215) 575-7040
pellison@dilworthlaw.com

**CERTIFICATE OF SERVICE**

In accordance with Section 304(c)(3) of the Clean Air Act, 42 U.S.C.

§ 7604(c)(3), I hereby certify that a copy of the foregoing Complaint has been served

today by certified mail, return receipt requested on the following:

Hon. Alberto Gonzales
Attorney General of the United States
Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001

Hon. Stephen L. Johnson, Acting Administrator
United States Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Washington, DC 20460

2/16/05
Date

Charles McPhedran /gj
Charles McPhedran, Senior Attorney
Citizens for Pennsylvania's Future (PennFuture)

L543

## CIVIL COVER SHEET

05-0186

JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Citizens for Pennsylvania's Future
and O'Rourke, Charlotte H.

**DEFENDANTS**
Allegheny Energy Supply Co. LLC

**(b)** County of Residence of First Listed Plaintiff    Dauphin
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Greene
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
            LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

See Attachment

Attorneys (If Known)

See Attachment

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☒ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 7604
Brief description of cause: Violation of air emission standards

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions):
JUDGE
DOCKET NUMBER

DATE  2/14/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

Attachment:  Names and Addresses of Attorneys

Attorney for Plaintiffs:

Charles McPhedran, Senior Attorney
Citizens for Pennsylvania's Future
1518 Walnut Street, Suite 1100
Philadelphia, PA  19102
(215) 545-9693
mcphedran@pennfuture.org


Attorney for Defendant:

David T. Fisfis, Deputy General Counsel
Allegheny Energy Supply Co. LLC
4350 Northern Pike
Monroeville, PA  15146-2841
(412) 858-1617
dfisfis@alleghenyenergy.com

JS 44AREVISED OCTOBER, 1993

## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

### THIS CASE DESIGNATION SHEET MUST BE COMPLETED

**PART A**
This case belongs on the ( _____Erie_____ Johnstown ⊗ Pittsburgh) calendar.
  ERIE CALENDAR - If cause of action arose in the counties of Crawford, Elk, Erie, Forest, McKean, Venang
1.
  or Warren, OR any plaintiff or defendant resides in one of said counties.
2. JOHNSTOWN CALENDAR - If cause of action arose in the counties of Bedford, Blair, Cambria, Clearfield or
   Somerset OR any plaintiff or defendant resides in one of said counties.
3. Complete if on ERIE CALENDAR: I certify that the cause of action arose in _____ County and
   that the_____resides in_____County.
4. Complete if on JOHNSTOWN CALENDAR: I certify that the cause of action arose in_____
   County and that the_____resides in_____County.

**PART B (You are to check ONE of the following)**
1. _____ This case is related to Number_____,Judge_____.
2. ⊗ This case is not related to a pending or terminated case.

**DEFINITIONS OF RELATED CASES:**
CIVIL: Civil cases are deemed related when a case filed relates to property included in another suit or involves the
same issues of fact or it grows out of the same transactions as another suit or involves the validity or infringement
of a patent involved in another suit
EMINENT DOMAIN: Cases in contiguous closely located groups and in common ownership groups which will
lend themselves to consolidation for trial shall be deemed related.
HABEAS CORPUS & CIVIL RIGHTS: All habeas corpus petitions filed by the same individual shall be deemed
related. All pro se Civil Rights actions by the same individual shall be deemed related.

**PART C**
1. CIVIL CATEGORY (Place x in only applicable category).
    1.    ( )   Antitrust and Securities Act Cases
    2.    ( )   Labor-Management Relations
    3.    ( )   Habeas Corpus
    4.    ( )   Civil Rights
    5.    ( )   Patent, Copyright, and Trademark
    6.    Eminent Domain
    7.    (⊗)   All other federal question cases
    8.    ( )   All personal and property damage tort cases, including maritime, FELA, Jones Act, Motor
              vehicle, products liability, assault, defamation, malicious prosecution, and false arrest
    9.    ( )   Insurance indemnity, contract and other diversity cases.
    10.   ( )   Government Collection Cases (shall include HEW Student Loans (Education),
              VA Overpayment, Overpayment of Social Security, Enlistment Overpayment (Army, Navy, etc.),
              HUD Loans, GAO Loans (Misc. Types), Mortgage Foreclosures, S.B.A. Loans, Civil Penalties and
              Coal Mine Penalty and Reclamation Fees.)

I certify that to the best of my knowledge the entries on this Case Designation Sheet are true and correct

Date: 2/14/05

CHARLES MCPHEDRIN
ATTORNEY AT LAW

**NOTE: ALL SECTIONS OF BOTH SIDES MUST BE COMPLETED BEFORE CASE CAN BE
PROCESSED.**